REQUESTED BY: Senator Dan C. Lynch Nebraska State Legislature
Whether a state statute which incorporates federal safety standards by reference unconstitutionally delegates legislative authority.
Probably not, the amended version of LB 428 merely requires the application of specified standards.
The issue of how far the Legislature should go in filling in the details of standards which an administrative agency is to apply has been addressed by the Nebraska Supreme Court. In Douglas v. Nebraska Mortgage Finance Fund,204 Neb. 445, 283 N.W.2d 12 (1979), the court ruled the "standards in conferring discretionary power upon an administrative agency must be reasonably adequate, sufficient, and definite for the guidance of the agency in the exercise of the power conferred upon it. . ." Id. at 465. Additionally, the court has indicated that the laws of another jurisdiction, including the United States and standards adopted pursuant to those laws, may be adopted by reference by the Nebraska Legislature. See, Lincoln Dairy Company v. Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960).
In that regard LB 428 does not pose a delegation of authority problem. It directs the Department of Motor Vehicles to compile a list of motorcycle helmets that meet certain requirements. Those requirements are stated expressly in the legislation or incorporated by reference to federal standards. "Where the Legislature has settled the guiding principles and standards of policy . . . the act should be upheld." Anderson v. Tiemann, 182 Neb. 393, 402,155 N.W.2d 322, 328 (1967).
LB 428, Section 2 designates that "such helmet shall consist of lining, padding, visor and chin strap and shall meet or exceed the standards established in the United States Department of Transportation's Federal Motor Vehicle Safety Standard No. 218, as amended for motorcycle helmets." Thus, the Department of Motor Vehicles is not authorized, expressly or impliedly, to establish any standards. The legislation proposed specifies the standards required and makes the administrative agency responsible for enforcing those standards.
However, an argument could be raised that the federal standards incorporated in LB 428 are too indefinite to be valid. It refers to "Standard No. 218 as amended for motorcycle helmets" without identifying any specific amendment. Should that be construed as incorporating amendments passed after enactment of LB 428 it would be unconstitutional. "Incorporation by reference is permitted if the incorporation is of existing law or regulation," State v. Workman,186 Neb. 467, 469, 183 N.W.2d 911 (1971).
While the Department of Motor Vehicles may look to 49 C.F.R. § 517.218 (1986) to determine whether a particular helmet passes tests for impact, penetration and retention and has the proper configuration, projections and labelling, it is not directed to do so by this legislation. Hence LB 428, if enacted as is, may withstand an unconstitutional delegation of authority challenge; it would most likely avoid such challenge by making specific reference to the code.
Sincerely,
ROBERT M. SPIRE Attorney General
Yvonne E. Gates Assistant Attorney General